IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

THE ORLANDO TITLE GROUP, LLC,
a Florida Limited Liability Company,
and THE ORLANDO LAW GROUP,
P.L., a Florida Limited Liability
Company

        Plaintiff,                      Case No.: 6-22-cv-01094

v.

TRUIST BANK, a Foreign Profit
Corporation.

        Defendant.

## PLAINTIFFS' COMPLAINT

Plaintiffs, THE ORLANDO TITLE GROUP, LLC ("OTG") and THE ORLANDO LAW GROUP, P.L. ("OLG"), by and through their undersigned counsel, and pursuant to all applicable rules of the Federal Rules of Civil Procedure, would hereby file this Complaint against Defendant, TRUIST BANK ("TRUIST"), and would state as follows:

## JURISDICTION

1. Plaintiff, OLG, is a Florida Limited Liability Company with its principal address at 12301 Lake Underhill Road, Suite 213, Orlando, FL 32828 and is a citizen of Florida.

2. Plaintiff, OTG, is a Florida Limited Liability Company with its principal address at 12301 Lake Underhill Road, Suite 213, Orlando, Orange County, FL 32828 and is a citizen of Florida.

3. Defendant, TRUIST, is a foreign profit corporation with its principal place of business at 214 North Tryon St., Charlotte, NC 28202 and is a citizen of North Carolina.

4. OTG's and OLG's Banking Accounts were opened and created in Orlando, Florida. Electronic transfers from said Accounts were undertaken from Accounts located in Orange County, Florida.

5. Venue in the United States District Court for the Middle District of Florida is proper pursuant to 28 U.S.C. §1391 as the Middle District's location where a substantial part of the events giving arise to the claim occurred, and the location where funds at issue were deposited.

6. This Court has original jurisdiction pursuant to 28 U.S.C. §1332 as the matters at issue arise between citizens of different states and the matter in controversy exceeds the sum value of $75,000.00, exclusive of interest and costs.

**FACTUAL BACKGROUND**

7. OLG is a full-service boutique law firm servicing clientele in a multiple of legal disciplines.

8. OTG is a title agency that participates in all aspects of real estate

transactions including escrow, contract preparation, due diligence, title review, closing and the issuance of title insurance policies.

9. OLG originally opened/created and was the owner and holder of an Operating Account No. 0000244616941. The Account was opened originally with BB&T on December 3, 2015.

10. OTG originally opened/created and was the owner and holder of an Escrow Account No. 1100008918528. The Account was opened originally with BB&T on May 15th, 2020.

11. The authorized signatories to the OTG and OLG Accounts are Jennifer Englert and Andrea Barreno. Ms. Englert is the managing member of OTG and OLG. Andrea Barreno is employed by OLG and provides administration, human resources and accounting services for OLG and OTG.

12. On or about February 19, 2022, BB&T finalized a purchase of SunTrust which led to the formation of TRUIST, the sixth largest bank in the United States.

13. The OTG's Escrow Account had security procedures in place, including the Account holder's possession and use of a small security hardware device with a numerical generator used to generate a numerical passcode to access to OTG's Escrow Account, commonly known as a "FOB."

14. The FOB is part of a multifactor-factor identification to provide the Account Holder with a security feature, in addition to username and password, such

as a "token based" authentication to verify the identity of the person initiating the funds transfer.

15. In contrast, the OLG Operating Account was not set up, created or maintained with multifactor-factor authentication and the OLG Operating Account did not allow for wire transfer(s) from the Account remotely but required an in-person branch visit from an authorized signatory under the Account, unless a wire was initiated through the U.S. Treasury website. However, even under such circumstances a FOB would be required.

16. OLG did not initiate wire transfers remotely from this Account prior to the wire transfers at issue.

17. On or about March 16, 2022, an individual purporting to be from TRUIST, contacted representatives of OLG and OTG to advise the OLG Operating Account and OTG Escrow Account had been breached. Upon information and belief, this would ultimately prove to not be a TRUIST employee, but an individual associated with the unlawful transfer of OLG and OTG funds.

18. On or about March 16, 2022, OTG representatives received a phone call from an individual purporting to be from TRUIST, to advise that TRUIST would be reversing wire transfers from the OTG Operating Account based on unauthorized transfers.

19. The alleged TRUIST representative advised that in order to effectuate

this reversal, the alleged TRUIST employee would send a text from a TRUIST text addressed to OTG authorized signatories with a pin number in order to verify their identities. The pin number was received and repeated back to the alleged TRUIST employee by the OTG signatory. However, the multifactor-factor authentication was not followed. Specifically, the token-based security procedure was not initiated.

20. The TRUIST employee had knowledge of and conveyed secure private information to OTG and OLG representative during said call.

21. Upon information and belief, the purported TRUIST employee was actually the individual responsible for the wire transfer from the OTG Escrow Account.

22. Upon information and belief, this alleged TRUIST employee was operating within the framework of the TRUIST network thereby allowing the individual to access TRUIST accounts, e-mail addresses and the ability to generate verification codes.

23. On or about March 16, 2022, TRUIST transferred OTG funds via wire to third-parties.

24. These funds were transferred without the use of FOB and despite such security protocol being in place for the OTG Escrow Account.

25. On or about March 16, 2022, OLG funds were transferred via wire to third-parties.

5

26. These funds were transferred despite there being no authorization to wire transfer without authorized signatories appearing at the branch for in person approval.

27. On or about March 17, 2022, OTG and OLG, by and through Jennifer Englert, provided notice of the financial institution error.

28. All conditions precedent to the bringing of these causes of action have been satisfied, excused or waived.

29. OTG and OLG have been required to retain the services of the undersigned counsel and are responsible for paying a reasonable attorneys' fee for said services.

### COUNT I – ON BEHALF OF OTG FOR VIOLATION OF UCC ARTICLE 4A, FLORIDA STATUTE §670

30. OTG reasserts and reavers its allegations as set forth in Paragraphs 1 through 29 as if set forth herein.

31. TRUIST is a bank in accordance with the definition set forth in Florida Statute §670.105(b).

32. OTG is a customer pursuant to the definition set forth in §670.105(c).

33. TRUIST's transfer of funds from OTG's Escrow Account constitutes a violation of §670.204. OTG, by and through its officers, agents or members did not authorize the wire transfer from its Escrow Account.

34. TRUIST failed to follow its security procedures in the authenticity of

6

payment orders by failing to utilize the FOB to control and secure transfers from the Account and TRUIST's failure to use said security procedure demonstrates that TRUIST failed to accept the payment order in good faith and in compliance with the security procedures in place.

35. TRUIST is not entitled to enforce any payment order allegedly received from OTG as said payment order was not caused, directly or indirectly, by an individual who was trusted at any time with duties to act for OTG with respect to payment orders.

36. TRUIST is obligated to refund the entire amount of the unauthorized transaction to OTG plus interest pursuant to §670.204 as TRUIST failed to utilize a FOB in the possession of OTG's employees and/or members to authenticate a payment order issued to TRUIST in the name of OTG.

37. TRUIST failure to utilize an agreed upon security procedure causing a transfer of funds from OTG's Escrow Account to an unknown third-party caused damage to OTG.

38. TRUIST is in a violation of Florida Statute §670.204(1) and must refund the unlawful transferred amount of $239,168.63 and pay interest calculated from the date the bank received the payment order to the date of refund.

WHEREFORE, for all the foregoing reasons, Plaintiff, THE ORLANDO TITLE GROUP, LLC, would hereby demand judgment against Defendant, TRUIST

BANK, for damages, costs, attorneys' fees, together with such other and further relief as this Court may deem just and proper.

## COUNT II – ON BEHALF OF OLG FOR VIOLATION OF UCC ARTICLE 4A, FLORIDA STATUTE §670

39. OLG reasserts and reavers its allegations as set forth in Paragraphs 1 through 29 as if set forth herein.

40. Between March 16, 2022 and March 17, 2022, a third-party unconnected with OLG, infiltrated TRUIST's security system and gained access to TRUIST's banking system.

41. On or about March 17, 2022, said third-parties authorized wire transfer(s) of $86,203.00 from OLG's Operating Account.

42. OLG did not authorize wire transfer(s) from OLG's Operating Account to third-parties on or about March 16, 2022.

43. OLG did not authorize an individual or entity to act on behalf of OLG and seek a wire transfer(s) from said Account to third-parties.

44. OLG had a security procedure in place with TRUIST that wire transfers would be initiated in person. Wire transfers were not permitted remotely based on the manner and method by which the Account was set up by OLG and TRUIST's predecessor, BB&T.

45. TRUIST's actions in wire transferring funds from OLG to third-parties without authorization from OLG, its agents, or pursuant to agreement between

customer and TRUIST, is a violation of Florida Statute §670.204.

46. TRUIST, in violation of Florida Statute §670.204 and has caused OLG damage in the amount of $86,203.00.

47. Pursuant to Florida Statute §670.204, TRUIST must refund the unlawful transferred amount of $86,203.00 and pay interest calculated from the date the bank received the payment order to the date of refund.

WHEREFORE, for all the foregoing reasons, Plaintiff, THE ORLANDO LAW GROUP, P.L., would hereby demand judgment against Defendant, TRUIST BANK, for $86,203.00 pursuant to Florida Statute §670.204, interest on said amount from the date of transfer to the date of refund, costs, attorneys' fees, together with such other and further relief as this Court may deem just and proper.

### COUNT III – ON BEHALF OF OTG FOR NEGLIGENCE AGAINST TRUIST

48. OTG reasserts and reavers its allegations as set forth in Paragraphs 1 through 29 as if set forth herein.

49. TRUIST, as a commercial bank, owed a duty to its customers:

   a. To use and implement a multifactor-factor authentication agreed to between the parties;

   b. Implement behavioral analytics comparing the behavior of Account holders to past transactions, amounts, frequency, volume and recipients;

  c. Implement security steps and prevent unauthorized access of TRUIST's internal computer banking system to prevent unauthorized transfers by non TRUIST employees.

50. TRUIST breached its duties to OTG in failing to follow agreed upon security protocols between the Parties.

51. TRUIST breach it duties by failing to follow its own security procedure and allowing the transfer of funds to unauthorized third-parties.

52. TRUIST breached its duty to OTG in failing to implement behavioral analytics which would have detected unauthorized wire transfers.

53. TRUIST breached its duty by failing to implement reasonable security procedures to prevent unauthorized third-party access to its internal wire transfer and banking records and controls.

54. TRUIST's breach of said duty is and the but for proximate cause of damage to OTG. OTG has incurred lost funds, lost profits, lost enterprise value and damage to reputation.

WHEREFORE, for all the foregoing reasons, Plaintiff, THE ORLANDO TITLE GROUP, LLC, would hereby demand judgment against Defendant, TRUIST BANK, for damages, including, but not limited to, lost profits, unauthorized transfer amounts totaling $239,168.63, lost enterprise value and damage to reputation, pre and post judgment interest, litigation costs, together with such other and further relief

as this Court may deem just and proper.

### COUNT IV – ON BEHALF OF OLG FOR NEGLIGENCE AGAINST TRUIST

55. OLG reasserts and reavers its allegations as set forth in Paragraphs 1 through 29 as if set forth herein.

56. TRUIST had a duty to protect account holdings such as OLG, as follows:

   a. Following restrictions placed on accounts based on agreement between TRUIST and Account holder;

   b. Implementing behavioral analytics to analyze past transfer behavior including the volume, frequency, amount and recipient of past wire transfers.

57. TRUIST's duty extended to understanding, recognizing and following account directives which forbid TRUIST from wire transferring funds from OLG's Operating Account to third-parties without an in person authorization of the wire transfer at a branch location.

58. TRUIST breached its duties to OLG in allowing OLG funds to be wire transferred to third-parties without an OLG representative's in branch authorization of the wire transfer(s).

59. TRUIST breached its duty to OLG in failing to implement behavioral analytics which would have alerted TRUIST that the OLG transfer amounts were

inconsistent with any previous OLG wire transfer as to amount, frequency, volume and recipient.

60. TRUIST's breach of its duties to OLG is the but for and proximate cause of OLG's damages, including, but not limited to, lost funds totaling $86,203.00, and interest.

WHEREFORE, for all the foregoing reasons, Plaintiff, THE ORLANDO LAW GROUP, P.L., would hereby demand judgment against Defendant, TRUIST BANK, for damages, including, but not limited to, unauthorized transfer amounts totaling $86,203.00, pre and post judgment interest, litigation costs, together with such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs, THE ORLANDO TITLE GROUP, LLC ("OTG") and THE ORLANDO LAW GROUP, P.L., demand a trial by jury on all issues so triable as a matter of right.

Dated: June 23, 2022

Respectfully submitted,

*/s/ Adam C. Herman*
Adam C. Herman, Esq.
Florida Bar No: 146961
THE ORLANDO LAW GROUP, PL
12200 W. Colonial Dr., Suite 100
Winter Garden, FL 34787

>Telephone: 407-512-4394
>Facsimile: 407-955-4654
>E-mail: aherman@theorlandolawgroup.com
>　　　　dbroxson@theorlandolawgroup.com
>Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

I certify that a copy of this document has been furnished via the CM/ECF Official Court Electronic Document Filing System on this 23rd day of June, 2022.

>*/s/ Adam C. Herman*
>Adam C. Herman, Esq.
>Florida Bar No: 0146961
>THE ORLANDO LAW GROUP, PL
>12200 W. Colonial Dr., Suite 100
>Winter Garden, FL 34787
>Telephone: 407-512-4394
>Facsimile: 407-955-4654
>E-mail: aherman@theorlandolawgroup.com
>　　　　dbroxson@theorlandolawgroup.com
>Attorney for Plaintiffs